IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE | * | BKRTCY. NO. 19-07141/MCF |
| PEREZ VEGA IRMA GLADYS<br>xxx-xx-6591 | * | CHAPTER 13 |
| | * | |
| DEBTOR | | |

## DEBTOR'S MOTION AND NOTICE OF FILING OF POST-CONFIRMATION MODIFICATION OF CHAPTER 13 PLAN 11 USC §1329

**TO THE HONORABLE COURT:**

**COMES NOW, IRMA GLADYS PEREZ VEGA,** the Debtor in the above captioned case, through the undersigned attorney, and very respectfully state and pray as follows:

1. The DEBTOR is hereby submitting a post-confirmation modification of Chapter 13 Plan, 11 USC Section 1329, dated June 30, 2022, herewith and attached to this motion.

2. This Plan modification is filed to **amend Part 4, Section 4.3 to correct the balance of attorney's fees to be paid under the plan are $4,368.00 instead $3,868.00, in the above captioned case.**

### NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 3015(f)

**Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.**

I CERTIFY, that on this same date a copy of this Notice was filed with the Clerk of the Court using the CM/ECF system which will send notice of same to the Chapter 13 Trustee, and all CM/ECF participants; I also certify that a copy of this notice was sent via regular mail to the Debtor and to all creditors and interested parties appearing in the master address list (CM/ECF non-participants), hereby attached.

**RESPECTFULY SUBMITTED.** In San Juan, Puerto Rico, this 30th day of June, 2022.

*/s/Roberto Figueroa Carrasquillo*
USDC #203614
RFIGUEROA CARRASQUILLO LAW OFFICE PSC
ATTORNEY FOR the DEBTOR
PO BOX 186 CAGUAS PR 00726
TEL NO 787-744-7699 787-963-7699
Email: rfc@rfigueroalaw.com

## UNITED STATES BANKRUPTCY COURT
## District of Puerto Rico, San Juan Division

In Re
**PEREZ VEGA, IRMA GLADYS**

XXX-XX-**6591**

XXX-XX-

**Puerto Rico Local Form G**

**Chapter 13 Plan dated** 06/30/2022

Case No: **19-07141 MCF**

Chapter 13

[ ] Check if this is a pre-confirmation amended plan.

[X] Check if this is a post confirmation amended plan
Proposed by:
    [X] Debtor(s)
    [ ] Trustee
    [ ] Unsecured creditor(s)

[X] If this is an amended plan, list below the sections of the plan that have been changed.

4.3

## PART 1 Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | [ ] Included | [X] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | [ ] Included | [X] Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [X] Included | [ ] Not included |

## PART 2: Plan Payments and Length of Plan

2.1 **Debtor(s) will make payments to the trustee as follows:**

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| 150.00 | 16 | 2,400.00 | |
| 0.00 | 3 | 0.00 | |
| 375.00 | 3 | 1,125.00 | |
| 0.00 | 8 | 0.00 | |
| 765.00 | 30 | 22,950.00 | |
| Subtotals | 60 | 26,475.00 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
[ ] Debtor(s) will make payments pursuant to a payroll deduction order.
[X] Debtor(s) will make payments directly to the trustee.
[ ] Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
[X] None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## PART 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*
[ ] None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

[X] The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of creditor | Collateral | Current installment payments (Including escrow) | Amount of Arrearage (If any) | Interest rate on arrearage (If any) | Monthly plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Banco Popular de Puerto Rico Claim No. 2-2** | BO CELADA PARC NUEVAS NO 367 30 STREET, GURABO, PR 00778 | 465.00<br><br>Disbursed by:<br>[ ] Trustee<br>[X] Debtor(s) | 10,237.45 | 0.00%<br><br>___ Months | ____<br><br>Starting on Plan Month | _____ |

*Insert additional claims as needed.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

[X] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
[X] **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Lien Avoidance.**

*Check one.*
[X] **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.**

*Check one.*
[X] **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**
[ ] Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of secured creditor | $ Amount of APMP | Comments |
|---|---|---|
| **None** | | |

*Insert additional lines as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

*Check one.*
[X] **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

## PART 4: Treatment of Fees and Priority Claims

4.1 **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**
Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

*Check one.*

[X] **Flat Fee**: Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

**OR**

[ ] **Fee Application**: The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $ <u>132.00</u> |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ <u>4,368.00</u> |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ <u>500.00</u> |

4.4 **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**
*Check one.*
[ ] **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

[X] The Trustee shall pay in full all allowed claims entitled to priority under §507, §1322(a)(2), estimated in $<u>843.06</u>

| Name of priority creditor | Estimate amount of claim to be paid |
|---|---|
| **Departament of Treasury** | **843.06 as per Claim No. 6-1 filed by Department of Treasury** |

*Insert additional lines as needed.*

4.5 **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

   *Check one.*
   [X] **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

4.6 **Post confirmation property insurance coverage**

   *Check one.*
   [X] **None**. *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

## PART 5: Treatment of Nonpriority Unsecured Claims

5.1 **Nonpriority unsecured claims not separately classified.**

   Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

   *Check all that apply.*

   [ ] The sum of $ _____.

   [ ] _____% of the total amount of these claims, an estimated payment of $ _____.

   [X] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

   [ ] If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ _____

5.2 **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

   *Check one.*
   [X] **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

5.3 **Other separately classified nonpriority unsecured claims.**

   *Check one.*
   [X] **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

   *Check one.*
   [X] **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

7.1 **Property of the estate will vest in the Debtor(s) upon**

   *Check the applicable box:*

   [X] Plan confirmation.
   [ ] Entry of discharge.
   [ ] Other: _____

7.2 **Plan distribution by the trustee will be in the following order:**
   *(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*
   1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
   1. Distribution on Attorney's Fees (Part 4, Section 4.3)

1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

8.1 Check "None" or list the nonstandard plan provisions

[ ] **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**8.2 This Section modifies LBF-G, Part 3: Retention of Lien:**
The lien holder of any allowed secured claim, provided for by the Plan in its Part 3, will retain its lien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(I) & (II).

**8.3 This section modifies LBF-G, Part 2, Section 2.3: Income Tax Refunds to be used to fund the plan:**
Tax refunds will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order. If the Debtor(s) need(s) to use all or portion of such "Tax Refunds", Debtor(s) shall seek Court's authorization prior to any use of funds.

**8.4 This Provision Supplements Part 3 to provide for the Lifting of the 362(a) Stay:**
Upon the confirmation of this plan the automatic stay pursuant to Section 362(a) will be lifted in favor of First Bank PR, Claim No. 1-1, as to collateral related to car loan: a 2015 Nissan Sentra. The car loan is being paid directly to First Bank PR by the loan's co-signer, Juan M. Santiago. The Trustee will make no disbursements to secured creditor First Bank PR, Claim No. 1-1, without prejudice of creditor filing a deficiency claim in order to receive pro-rata distribution by the Trustee as an unsecured claim.

**8.5 This Provision Supplements Part 3 to provide for the Post-petition mortgage loan arrears:**
The post-petition arrears owed to Banco Popular de PR in the sum of $7,966.65 (as per 362 Motion Docket No. 24) are to be paid through the Plan; the Debtor to commence in August/2021 to make current direct post-petition mortgage loan payments to Banco Popular de Puerto Rico, Claim No. 2.

*Insert additional lines as needed.*

## PART 9: Signature(s)

/s/Roberto Figueroa Carrasquillo                             Date **June 30, 2022**
_____
**Signature of attorney of Debtor(s)**
**RFIGUEROA CARRASQUILLO LAW OFFICE PSC**


_____                         **Date**

_____                                    Date
**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.**

```
Label Matrix for local noticing          BANCO POPULAR DE PUERTO RICO           US Bankruptcy Court District of P.R.
0104-3                                   COLON SANTANA & ASOCIADOS CSP          Jose V Toledo Fed Bldg & US Courthouse
Case 19-07141-MCF13                      315 COLL & TOSTE                       300 Recinto Sur Street, Room 109
District of Puerto Rico                  SAN JUAN, PR 00918-4026                San Juan, PR 00901-1964
Old San Juan
Wed Jun 29 12:19:14 AST 2022

Autoridad Acueductos Y Alcantarillados   Banco Popular de Puerto Rico           DEPARTMENT OF TREASURY
PO Box 5729                              Mortgage Servicing Department          BANKRUPTCY SECTION 424 B
Caguas, PR  00726-5729                   PO Box 362708                          PO BOX 9024140
                                         San Juan, PR  00936-2708               SAN JUAN, PR 00902-4140


Departamento de Hacienda                 Empresas Berrios Inc                   FIRST BANK
PO Box 9024140                           PO Box 674                             CONSUMER SERVICE CENTER
San Juan, PR  00902-4140                 Cidra, PR  00739-0674                  BANKRUPTCY DIVISION - (CODE 248)
                                                                                PO BOX 9146, SAN JUAN PR 00908-0146


Fed Loan Serv                            ISLAND FINANCE                         Syncb/ppc
PO Box 60610                             PO BOX 71504                           PO Box 965005
Harrisburg, PA  17106-0610               SAN JUAN PR 00936-8604                 Orlando, FL  32896-5005


Synchrony Bank                           Synchrony Bank                         ALEJANDRO OLIVERAS RIVERA
c/o PRA Receivables Management, LLC      c/o of PRA Receivables Management, LLC ALEJANDRO OLIVERAS CHAPTER 13 TRUS
PO Box 41021                             PO Box 41021                           PO BOX 9024062
Norfolk VA 23541-1021                    Norfolk, VA 23541-1021                 SAN JUAN, PR 00902-4062


IRMA GLADYS PEREZ VEGA                   MONSITA LECAROZ ARRIBAS                ROBERTO FIGUEROA CARRASQUILLO
BO CELADA PARCELAS NUEVAS 373            OFFICE OF THE US TRUSTEE (UST)         PO BOX 186
30 STREET                                OCHOA BUILDING                         CAGUAS, PR 00726-0186
GURABO, PR 00778                         500 TANCA STREET  SUITE 301
                                         SAN JUAN, PR 00901


End of Label Matrix
Mailable recipients    17
Bypassed recipients     0
Total                  17
```